Charles W. Daniels and Alice A. Daniels v. Commissioner.
Daniels v. Commissioner
Docket No. 4698-67.
United States Tax Court
T.C. Memo 1968-265; 1968 Tax Ct. Memo LEXIS 34; 27 T.C.M. (CCH) 1432; T.C.M. (RIA) 68265; November 21, 1968. Filed *34 Brenner Levinson, 510 Realty Exchange Bldg., P.O. Box 938, Steubenville, Ohio, for the petitioners. D. Alden Newland, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent has determined a deficiency of $4,115.57 in the income tax of petitioners for the taxable year 1961. After giving effect to certain concessions by the parties, the sole issue before the Court is the extent to which the amount of concededly unreported income remaining in dispute should be reduced to reflect cash payments made during the taxable year to one Richard Keller. Findings of Fact Some of the facts herein have been stipulated and are so found. Petitioners are husband and wife and had their legal residence in Steubenville, Ohio, at the time of the filing of the petition herein. They filed a joint Federal income tax return for the taxable year 1961 with the district director of internal revenue, Cleveland, Ohio. Petitioner Alice A. Daniels is a party herein only by virtue of signing such joint return. All references to petitioner shall be deemed to refer to Charles W. Daniels. The C. W. Daniels Electric Company during 1961 was an electrical *35 contracting firm operating principally in Steubenville, Ohio. In September 1958, Richard Keller of Kent, Ohio, purchased a controlling interest in the stock of the C. W. Daniels Electric Company from the petitioner. Petitioner was the manager of the C. W. Daniels Electric Company from January 1, 1961 until approximately December 12, 1961. During the taxable year 1961, petitioner received unreported income of $30,326.72 (in the form of diverted funds) from the C. W. Daniels Electric Company and repaid $19,877.70 to C. W. Daniels Electric Company. Opinion Respondent has conceded that the unreported income of petitioner in the amount of $30,326.72 should be reduced by the repayments of $19,877.70. Thus, the amount remaining in dispute is $10,449.02. Respondent also concedes that petitioner is entitled to further credit for any additional amounts repaid in cash to Richard Keller during 1961. The parties have stipulated that the sole issue for determination is the amount, if any, of such cash repayments and that the petitioners' liability for tax does not turn to any degree upon the purpost of such repayments. As a consequence of this stipulation, there is no question before the *36 Court as to whether any repayments were made to persons other than Keller (including C. W. Daniels Electric Company) or whether petitioners would be entitled to credit therefor in the determination of their tax liability. The record herein is distinguished more by what it does not, rather than what it does, contain. Practically all of the testimony was directed toward a purported $4,400 cash repayment by petitioner to Keller, both of whom testified, and to attacking their credibility. Keller flatly denied that he received any such repayment. Petitioner equally categorically asserted that the repayment was made but he offered no corroborative evidence whatsoever, although it appears that some such evidence should have been available. At one point, petitioner claimed that the amount was paid pursuant to an agreement between them to reorganize the C. W. Daniels Electric Company, but the agreement was not produced. At another point, it appears that petitioner was attempting, through the front of a nonexistent doctor, to buy back the stock of C. W. Daniels Electric Company from Keller and that the $4,400 was against the purchase price of the stock. But, by petitioner's own testimony, *37 the claimed 1433 repayment was made in April 1961 and the nonexistent doctor was not brought into the picture until the summer of that year. At still another point, petitioner claimed that the purported $4,400 repayment was a part of his efforts to make restitution of funds which he admitted he had diverted to his own benefit from C. W. Daniels Electric Company. Yet, again by petitioner's own testimony, Keller was not made aware of the diversions until December 1961 so that it is hard to believe that there could have been any repayment to Keller of such diversions nine months earlier. Finally, we note that petitioner indicated that the $4,400 represented the cash proceeds of a check dated April 24, 1961, but the check was not submitted nor was any explanation offered for not doing so. On the record before us, we are unable to accord petitioner's testimony sufficient credibility to justify our holding that he has satisfied his burden of overcoming the presumptive correctness of respondent's determination. In order to reflect the concessions of the parties, Decision will be entered under Rule 50.